IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BRIAN F. HYNES; VENDOR ASSISTANCE PROGRAM, LLC; BLUE STONE FINANCE, LLC; GREYSAND FINANCE, LLC; GREYSAND CAPITAL, LLC;<br><br>Plaintiffs<br><br>v.<br><br>FORDE & O'MEARA LLP; MICHAEL K. FORDE; LEONARD TRIAL LAWYERS LLC; MICHAEL I. LEONARD;<br><br>Defendants | CIVIL NO.: 23-1140 (SCC)<br><br>RE:<br><br>DEFAMATION |

**PLAINTIFFS' JOINT SURREPLY IN FURTHER SUPPORT OF <u>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

**TO THE HONORABLE SILVIA CARREÑO-COLL**
**UNITED STATES DISTRICT COURT JUDGE**:

   **COME NOW** Plaintiffs, Brian F. Hynes ("Mr. Hynes"), Vendor Assistance Program, LLC ("VAP"), Blue Stone Finance, LLC ("BSF"), Greysand Finance, LLC ("GSF") (as successor of BSF), and Greysand Capital, LLC ("GC") (as successor of Bluestone Capital Markets, LLC ("BCM")) (BSF and BCM, collectively, are the "Bluestone Entities") (GSF and GC, collectively, are the "Greysand Entities") (all the appearing parties, collectively, are the "Plaintiffs"), each through their undersigned counsel, and very respectfully respond to Defendants' *Joint Reply Brief in Support of the Motion to Dismiss* (the "Reply") as follows:

### I.   INTRODUCTION

   As stated in the *Amended Verified Complaint* filed in the above-captioned case, Defendants made defamatory and slanderous statements accusing Puerto Rico residents of being "vultures," "proverbial pigs," and of creating shell companies in Puerto Rico in order to avoid Illinois taxes.

Given the online publictaion of these statements, Puerto Rico residents were exposed to and could easily access the same. Consequently, Plaintiffs have suffered damages in Puerto Rico.

The Reply, however, ignores the foregoing and aims to muddy up the waters by applying an incorrect standard of dismissal to Plaintiffs' *Amended Verified Complaint*. The Reply also attempts to unsuccessfully differentiate the facts of this above-captioned case from the case law cited in Plaintiffs' *Opposition* to Defendants requests for dismissal. As set forth below, Defendants' Reply does nothing to erase the fact that this Honorable Court has personal jurisdiction over the Defendants.

Hence, Defendants' Motions to Dismiss should be denied in their entirety.

## II.   DISCUSSION

In their *Reply*, Defendants insist that the above-captioned *Amended Verified Complaint* should be dismissed, transferred, or stayed. Defendants claim that Plaintiffs allegedly raised "two new factual allegations," to wit: (i) that the focal point of the defamatory statements was Puerto Rico; and (ii) that Plaintiffs' suffered harm in Puerto Rico. Furthermore, the Defendants contend that: (A) Plaintiffs raised these "two new factual arguments" to align the above-captioned case with De Laire v. Voirs, Civ. No. 21-cv-131-JD, 2021 WL 1227087 (D. N.H. Apr. 1, 2021); (B) the defamatory and slanderous references to Puerto Rico in the WBEZ article were ancillary; and (C) they had no way of knowing that Plaintiffs suffered harm in Puerto Rico. That said, none of Defendants' arguments hold water.

Defendants' threshold argument is that this Honorable Court lacks personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Where the Court refrains from holding an evidentiary hearing, the Court applies the "*prima facie*" standard. See, González-Camacho v. Banco Popular de Puerto Rico, 318 F. Supp. 3d 461, 470 (D.P.R. 2018). Pursuant to the "*prima facie*" standard, plaintiff is reasponsible for establishing that the court has personal jurisdiction over defendants. *Id.* (citing

United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001)). To persuade the Court, plaintiff need not rely solely on the pleading, but rather, shall submit properly supported facts and "make affirmative proof" that jurisdiction attaches to the defendant. *Id.* (referencing Negrón-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 23 (1st Cir. 2007)). "In essence, the 'inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction.' The plaintiff's evidence is thus assumed to be accurate and it is viewed in the light most favorable to the plaintiff." *Id.* (internal citations omitted).

Thus, Plaintiffs need not limit themselves to what is contained in the allegations of their complaint. Plaintiffs may go beyond it and submit properly supported facts. Hence, Defendants' attempt at avoiding this forum's jurisdiction by claiming that new arguments have been added in order to strengthen the defamation cause of action is improper.

Moreover, the alleged "new factual allegations" are not new. Plaintiff stated in the *Amended Verified Compliant* that the focal point of the defamatory statements was Puerto Rico, and that there is where they suffered harm. Regardless of Defendants' claim that their expressions are directed at Illinois, the focal point of Defendants' defamatory remarks in the article is the Puerto Rico-based activities of Puerto Rico residents and companies, among others. The number of times Puerto Rico is mentioned in the WBEZ article, regardless of its context, is a fact that demonstrates that the Defendants were well aware that some of the Plaintiffs are residents of Puerto Rico and that their business activities take place therein. More notably, the foregoing meets the "something more" requirement to show that the defendants purposefully availed themselves in this jurisdiction. In that vein, the Defendants' direct quotes calling defendants "pigs" and "vultures" – comments to which they refer to as "discrete" in their Reply– need not even include the word Puerto Rico for it to be clear that the companies to which they refer are, in fact, from Puerto Rico.

Reading the WBEZ article in its due context, it is clear that the references to Puerto Rico are not casual nor ancillary. Those references provide context inasmuch as they point to one of the places from which the purportedly fraudulent scheme orchestrated by Plaintiffs developed.

Additionally, the *Amended Verified Complaint* details the harm Plaintiffs suffered in Puerto Rico. Contrary to Defendants' suggestion in their Reply, not even the Fisher Broyles LLP allegation is new, since Paragraphs 87-88 of the *Amended Verified Complaint* clearly state that Mr. Brian Hynes had a lucrative offer of a partnership from the law firm Fisher Broyles, LLP in Puerto Rico that was later revoked. Hence, mentioning the residence of Fisher Broyles, LLP's partners is not an attempt to establish a link between Fisher Broyles and Puerto Rico. That link was already established in the *Amended Verified Complaint*. If anything, the additional factual nuances argued by Plaintiffs in their Opposition are affirmative proof of something already alleged in the *Amended Verified Complaint* that further evidences personal jurisdiction.

**WHEREFORE**, Plaintiffs respectfully reiterate the request that this Honorable Court deny Defendants' Motions to Dismiss.

**WE HEREBY CERTIFY** that, on this same date, we electronically filed the foregoing through the Court's CM-ECF system which should serve a copy on all counsel of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 18th day of October 2023.

| | |
|---|---|
| **PIETRANTONI MÉNDEZ & ÁLVAREZ LLC**<br>*Attorneys for Brian Hynes*<br>Popular Center, Piso 19<br>208 Avenida Ponce de León<br>San Juan, Puerto Rico 00918<br>Phone: (787) 274-1212<br>Fax: (787) 274-1470<br><br>*s/Oreste R. Ramos*<br>Oreste R. Ramos<br>USDC No. 216801<br>oramos@pmalaw.com<br><br>*s/Arturo L.B. Hernández González*<br>Arturo L.B. Hernández González<br>USDC No. 304601<br>ahernandez@pmalaw.com | **O'NEILL & BORGES LLC**<br>*Attorneys for Blue Stone Finance, LLC and Greysand Finance, LLC*<br>250 Muñoz Rivera Avenue, Suite 800<br>San Juan, Puerto Rico 00918-1813<br>Tel. (787) 764-8181 \| Fax. (787) 753-8944<br><br>*s/Carlos A. Valldejuly*<br>Carlos A. Valldejuly Sastre<br>USDC No. 209505<br>carlos.valldejuly@oneillborges.com<br><br>*s/Jorge A. Candelaria Serrano*<br>Jorge A. Candelaria Serrano<br>USDC No. 306004<br>jorge.candelaria@oneillborges.com |
| **McCONNELL VALDÉS LLC**<br>*Attorneys for Vendor Assistance Program, LLC*<br>270 Muñoz Rivera Ave.<br>Hato Rey, Puerto Rico 00918<br>P.O. Box 364225<br>San Juan, Puerto Rico 00936-4225<br>Tel. (787) 250-5810<br>Fax. (787) 759-8282<br><br>*s/Henry O. Freese Souffront*<br>Henry O. Freese Souffront<br>USDC-PR No. 215502<br>hf@mcvpr.com<br><br>*s/Juan G. Álvarez Valentín*<br>Juan G. Álvarez Valentín<br>USDC-PR No. 308107<br>jga@mcvpr.com | **JUAN R RIVERA FONT LLC**<br>*Attorneys for Greysand Capital LLC*<br>27 Calle Gonzale Giusti, STE 602<br>Guaynabo, Puerto Rico 00968<br>Tel. (787) 250-8040<br><br>*s/Juan R. Rivera Font*<br>Juan R. Rivera Font<br>USDC-PR No. 221703<br>juan@riverafont.com |